**UNITED STATES of America**

v.

**George J. ABSTON, Appellant.**

**No. 24204.**

United States Court of Appeals, District of Columbia Circuit.

Argued June 11, 1971.

Decided July 28, 1971.

Mr. Mervyn I. Aronoff, Washington, D. C. (appointed by this court) for appellant.

Mr. John E. Rogers, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery,

U. S. Atty., John A. Terry and Stephen W. Grafman, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and McGOWAN and ROBINSON, Circuit Judges.

PER CURIAM:

Appellant was convicted at trial by jury of two counts of uttering forged checks and two counts of transporting the same in interstate commerce, in violation of D.C.Code § 22–1401 and 18 U.S.C. § 2314, respectively.

■ With respect to the uttering counts he contends that the evidence was insufficient to enable the jury to find beyond a reasonable doubt that he had knowledge the checks in question were forged, an essential element of the crime. An examination of the Government's evidence, however, convinces us that it presented a jury issue in this regard. The jury was able to draw appropriate inferences from the objective facts. Accordingly, we think the motion for judgment of acquittal was properly denied.

■ As to the counts charging transportation of the checks in interstate commerce, the uttering of the checks occurred in the District of Columbia. They were drawn on a bank in Maryland and subsequently presented to that bank for cashing through normal channels. Under the reasoning of the Supreme Court in Pereira v. United States, 347 U.S. 1, 8–9, 74 S.Ct. 358, 98 L.Ed. 435 (1954), the uttering of the checks in the District of Columbia, followed by their rejection by the Maryland bank as forgeries, brings home to the utterer the interstate transportation which occurred.

■ Appellant was sentenced to concurrent terms of imprisonment of one to three years on each of the uttering counts, and five years on each of the interstate transportation counts. The latter sentence was specifically stated by the sentencing judge to be pursuant to 18 U.S.C. § 4208(a)(2). In so specifying the judge stated that appellant would be eligible "for parole under this sentence from any time after the first year." Section 4208(a)(2) provides that when the court fixes a maximum sentence, as was here done on the interstate transportation counts, the court "may specify that the prisoner may become eligible for parole at such time as the board of parole may determine." The concurrent sentences under the uttering counts, however, included a term of imprisonment of one to three years, with the result that the effectiveness of the parole provision of Section 4208(a)(2) would in all substance be suspended for the first year,[1] as the sentencing judge indicated.

Affirmed.

---

I. The parole officials no doubt will have in mind the efforts appellant made to make restitution, which perhaps influenced the sentencing judge in making Section 4208(a)(2) applicable.